| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| FORMAN HOLT ELIADES & RAVIN LLC<br>80 Route 4 East, Suite 290<br>Paramus, New Jersey  07652<br>(201) 845-1000<br>Proposed Special Counsel for Steven P. Kartzman,<br>Chapter 7 Trustee<br>Michael E. Holt (MEH-8735) | |
| In Re:<br><br>ARTS DES PROVINCES DE FRANCE, INC.,<br><br>                Debtor. | Case No.:  11-29111 (DHS)<br><br>Judge:  Hon. Donald H. Steckroth<br><br>Chapter:  7<br><br>Hearing Date: |

**TRUSTEE'S APPLICATION FOR THE ENTRY OF AN ORDER (A) APPROVING BIDDING PROCEDURES, SCHEDULING BID DEADLINE, AUCTION SALE AND HEARING TO APPROVE SALE; (B) AUTHORIZING THE TRUSTEE TO SELL ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (C) AUTHORIZING THE TRUSTEE TO ASSUME AND ASSIGN UNEXPIRED LEASES; (D) AUTHORIZING THE TRUSTEE TO REJECT CERTAIN UNEXPIRED LEASES; (E) AUTHORIZING THE TRUSTEE TO ABANDON CERTAIN PROPERTY OF THE ESTATE; AND (F) GRANTING RELATED RELIEF**

Steven P. Kartzman, chapter 7 trustee (the "Trustee") for Arts des Provinces de France, Inc. (the

"Debtor"), through his proposed special counsel, Forman Holt Eliades & Ravin LLC, submits this

application pursuant to §§105(a), 363(b), (f) and (m), 365(a) and 554 of Title 11 of the United States

Code (the "Bankruptcy Code") and Federals Rules of Bankruptcy Procedure 6004, 6006 and 6007, for

the entry of an Order (A) approving bidding procedures, scheduling bid deadline, auction sale and

hearing to approve sale; (B) authorizing the trustee to sell assets free and clear of all liens, claims,

interests and encumbrances; (C) authorizing the trustee to assume and assign unexpired leases; (D)

authorizing the trustee to reject certain unexpired leases; (E) authorizing the trustee to abandon

certain property of the estate; and (F) granting related relief, respectfully represents the following:

## BACKGROUND

1.　　On June 23, 2011, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2.　　On June 24, 2011, the Office of the United States Trustee appointed the Trustee to serve as the chapter 7 Trustee for the Debtor's estate.

3.　　The Debtor sold high end home furnishings, fabrics and related accessories under the trade name "Pierre Deux." It operated 23 retail stores and showrooms located in thirteen states. It also maintained an outlet store, warehouse and its corporate offices in Secaucus, New Jersey.

4.　　The property of the Debtor's estate within the meaning of §541 of the Bankruptcy Code includes the inventory maintained by the Debtor at its various retail locations and in Secaucus, the Debtor's leases with the landlords for those locations and the fixtures, furnishings, machinery equipment and leasehold improvements, customer lists and the domain name that the Debtor utilized in the operation of its business. The book value of the Debtor's inventory as of the Petition Date was $7,940,088.11. The Debtor's schedules also reflect that its fixtures, furnishings, equipment, machinery and leasehold improvements had a total combined value of $2,595,188.24 as of the Petition Date, although the actual value of those assets is unknown to the Trustee at this time. Upon information and belief, there are no liens against any of the assets which are the property of the Debtor's estate.

### Relief Requested

5.　　The Trustee seeks entry of an order authorizing the sale of the Debtor's assets pursuant to §§363 (b), (f) and (m) of the Bankruptcy Code. The Trustee also is seeking authorization

to assume and assign the Debtor's unexpired leases pursuant to §365 (a) of the Bankruptcy Code. By way of this application, the Trustee is seeking entry of an order authorizing the sale, assumption and assignment of the above assets, establishing bidding procedures in connection therewith and granting certain related relief.

A.       Sale of Assets

6.       §363 (b) of the Bankruptcy Code governs sales of assets outside the ordinary course of business and provides that "the Trustee, after notice and a hearing, may use, sell, or lease other than in the ordinary course of business, property of the estate."

7.       The Third Circuit Court of Appeals has interpreted §363 (b) of the Bankruptcy Code to require a finding by the bankruptcy court that the purchaser of a Debtor's assets is a good faith buyer.  In re Abbotts Dairies of Pennsylvania, Inc., 788 F. 2d. 143, 149-50 (3rd Cir. 1986).  The Bankruptcy Code does not define good faith.  In Abbotts Dairies, the Third Circuit observed that courts have interpreted that phrase to mean one who purchases "in good faith and for value." Abbotts Dairies, 788 F. 2d. at 147.

8.       The Abbotts Dairies court then analogized the good faith under §363 (b) purchaser to a purchaser of a judicial sale:

> "the requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the Trustee, or an attempt to take grossly unfair advantage of other bidders."

Abbotts Dairies, 788 F. 2d at 147.

9.       The Trustee submits that the proposed sale of the Debtor's assets satisfies the "good faith" prong of the Abbotts Dairies test.  By way of this application, the Trustee is seeking, among

3

other things, entry of an order establishing bidding procedures whereby all prospective purchasers

will be required to comply with those procedures in order to compete with each other to maximize

the value of those assets to the estate.  There is no indication that any prospective bidder would be

anything other than a good faith buyer and, in order to be qualified to submit a bid, potential

purchasers must disclose any relationships that they have with the Debtor, any insiders of the Debtor

as defined under §101 (31) of the Bankruptcy Code, the Office of the United States Trustee, as well

as the Trustee and his professionals.

10.     Also, all of the terms of the proposed sale are being fully disclosed to the court and

prospective purchasers by the Trustee.  See, In re Colony Hill Associates, 111 F. 3d. 269 (2d Cir.

1997) (determination of "good faith" is based on traditional equitable principals, including whether

there has been full disclosure to the Bankruptcy Court).

11.     The Trustee may sell the Debtor's assets free and clear of any interests or liens in such

property pursuant to §363 (f) of the Bankruptcy Code if any one of the following criteria is met:

(1)     Applicable bankruptcy law permits the sale of such property
free and clear of such interests;

(2)     Such entity consents;

(3)     Such interest is a lien and the price at which such property is to
be sold is greater than the aggregate value of all liens on such
property;

(4)     Such interest is in bona fide dispute; or

(5)     Such entity could be compelled in a legal or equitable
proceeding to accept the money satisfaction of such interest.

12.     Section 363 (f) of the Bankruptcy Code is written in the disjunctive.  Therefore, the

Trustee need satisfy only one of the five alternatives presented.  In re Heine, 141 B.R. 185, 189

(Bankr. S.D. 1992); In re Elliot, 94 B.R. 343, 345 (E.D.P.A. 1988).

4

13.     In the present case, the Debtor's assets are not subject to any liens.  Therefore, the price at which such property will be sold will exceed the aggregate value of all liens against such property and the requirements of §363(f) of the Bankruptcy Code are satisfied.

14.     §363(m) of the Bankruptcy Code provides that a reversal or modification on appeal of an authorized sale of property under §363(b) of the Bankruptcy Code will not affect the validity of such sale to a good faith purchaser.  The sale of the Debtor's assets will be the product of good faith negotiations between the Trustee and any successful bidders within the context of competitive bidding among all interested parties.  Therefore, any successful bidder or bidders are entitled to the protection that §363(m) of the Bankruptcy Code provides upon approval of the sale.

15.     Pursuant to Fed. R. Bankr. P. 6004(h), an order authorizing the sale of assets in a bankruptcy case is stayed for 14 days after entry of any order authorizing such sale unless the court orders otherwise.  The Trustee respectfully requests that the court waive the 14 day waiting period set forth in that Rule so that the successful bidder or bidders may consummate the sales and take possession of the assets as soon as possible in order to minimize the potential administrative expenses incurred by the estate in connection with preserving and maintaining those assets pending such sales.

B.     <u>Assumption and Assignment of Unexpired Leases</u>

16.     The property of the Debtor's estate also includes the Debtor's leases for its retail locations, showrooms, offices, warehouse and outlet.  Attached hereto as Exhibit A is a schedule setting forth the non-residential real property leases to which the Debtor is a party.

17.     The Trustee, in the exercise of his business judgment, believes that the Debtor's non-residential real property leases should be offered for sale together with the Debtor's inventory and other assets.  To the extent that any offers are received by the Trustee for those leases, the Trustee

will seek entry of an order authorizing the assumption and assignment of those leases pursuant to §365 (a) of the Bankruptcy Code.

18.    Pursuant to §365 of the Bankruptcy Code, the Trustee may assign an executory contract or unexpired lease if the Trustee assumes such contract or lease and adequate assurance of future performance by the assignee is given.  11 U.S.C. §365(f).  The meaning of adequate assurance of future performance depends on the facts of each case.  In re Carlisle Homes, Inc., 103 B.R. 524 (Bankr. D.N.J. 1998).

19.    In the present case, in order for potential bidders to qualify to participate in the sale of the Debtor's assets, they must provide adequate assurance of their ability to perform.  Therefore, the Trustee respectfully represents to the court that the requirements of §365(f) of the Bankruptcy Code are met.

C.    Approval of the Bidding Procedures

20.    The Trustee respectfully proposes and seeks approval of the bidding procedures (the "Bidding Procedures") set forth below in connection with the contemplated sale of the Assets.  Offers to purchase the Assets may be accepted by the Trustee only if they meet the Bidding Procedures, which shall govern the qualification of bidders, the submissions, content and qualification of all bids concerning the Assets:

a.    **Qualified Participant**:  In order to be qualified to participate in the Auction sale of the Assets (the "Auction"), a potential bidder must:

i.    execute a non-disclosure agreement in form and subject acceptable to the Trustee;

ii.    acknowledge that the due diligence information provided by the Trustee has been prepared solely for the convenience of potential bidders to assist

them in their determination of whether they wish to submit a proposal to purchase all

or certain of the Assets;

iii. acknowledge that the Trustee makes no representation or warranty that

such due diligence information is complete or accurate and any and all

representations or warranties, express or implied, are hereby expressly disclaimed;

and

iv. acknowledge that the potential bidder will not and should not

reasonably rely on this information in arriving at a decision to purchase part or all of

the Assets.

**b.** **Qualified Bidders**:  Only qualified bidders (the "Qualified Bidders") may

submit bids for the Assets, or otherwise participate in the Auction.  Persons or entities who

propose to become Qualified Bidders ("Proposed Qualified Bidders") shall:

i. on or before 9:00 a.m. (Prevailing Eastern Time) on July 26, 2011 (the

"Bid Deadline"), submit an offer that complies with each of the following

requirements (a "Qualified Bid") to the Trustee, c/o Steven P. Kartzman, Esq. at

Mellinger, Sanders & Kartzman, LLC, 101 Gibraltar Drive, Morris Plains, New

Jersey 07950 (973) 267-2402 or via email at skartzman@msklaw.net;

**c.** **Qualified Bid:**  Each Qualified Bid must:

i. identify each or all of the assets to be purchased and the purchase

price offered for each or all of the assets;

ii. be subject to no conditions, contingencies, due diligence or board

approval unless otherwise agreed to by the Trustee;

7

    iii.        disclose the (a) identity of each person or entity that will be bidding for each or all of the assets identified (including any equity holder or financial backer if a Qualified Bidder has been formed solely for the purpose of purchasing each or all of the assets) and (b) relationship or connection, if any, to (1) the Debtors, (2) any insider of the Debtors as defined under section 101(31) of the Bankruptcy Code, (3) the Office of the  United States Trustee, or (4) the Trustee and his professionals.

    iv.        be for cash (or cash equivalent), payable in full at the closing, and not subject to any financing contingencies;

    v.        be accompanied by evidence, as determined by the Trustee, that the proposed Qualified Bidder has sufficient financial wherewithal and ability to close and consummate the proposed purchase of the Assets and to adequately perform pursuant to the terms of any and all leases, to be assume and assigned;

    vi.        remain open and irrevocable until the consummation of a sale to the Successful Bidder (as defined below);

    vii.        must commit to pay the cure amounts for all assumed executory contracts, unexpired leases or licenses in full, in cash, at Closing;

    viii.        be accompanied by a certified check, bank check or cashier's check in the amount of ten percent (10%) of the amount of the Qualified Bid (the "Deposit"), made payable to "Steven P. Kartzman, Chapter 7 Trustee for Arts des Provinces de France, Inc.";

    ix.        if made by an entity, be accompanied by evidence that the Qualified Bidder is duly authorized by its entity to (a) submit the bid and (b) consummate the purchase of each or all of the Assets;

x.        **not** include a request or demand for a break-up fee or expense reimbursement; and

xi.        state that if party making the Qualified Bid is the Successful Bidder for the any or all of the assets and fails to consummate the sale and close title, then the Trustee shall be entitled to retain the deposit as liquidated damages.

**d.    Bid Notification.**  The Trustee will notify all Qualified Bidders by July 28, 2011 of his determination, of the Qualified Bids, and identity of the Qualified Bidders, submitting the highest or best bid for each or all of the assets.

**e.    Auction Sale**.  If one or more Qualified Bids is received, the Trustee will conduct the Auction at the Debtor's offices located at 40 Enterprise Avenue North, Secaucus, New Jersey 07090 on July 28, 2011 commencing at 10:00 a.m. (prevailing Eastern time). Bidding for the assets will commence with the highest Qualified Bid(s) for each or all of the assets determined in accordance with the foregoing paragraph.  Bidding will then be permitted at such increments as the Trustee deems appropriate, in his sole discretion, until all Qualified Bidders have made their final offers and until such time as the highest or best offer(s) is determined by the Trustee.  The Trustee may adopt rules for the bidding process that, in his judgment, will better promote the goals of the bidding process.

**f.    Winning Bid(s)**:  At the conclusion of the Auction, the Trustee will announce his determination of the highest and best bid for each or all of the assets (each, a "Successful Bid") obtained from the Qualified Bidder(s) (each a "Successful Bidder") and the second highest and best bid for each or all of the Assets (the "Back Up Bid") obtained from the Qualified Bidder(s) (each a "Back Up Bidder").  Formal acceptance of the Successful Bid and Back Up Bid shall not occur unless and until the Court enters an Order approving the

Successful Bid and Back Up Bid and authorizing the Trustee to consummate the sale

following the conclusion of the hearing to approve each or all of the assets to the Successful

Bidder(s) (the "Sale Hearing").

g.    **Back Up Bid**:  In the event the Successful Bidder fails to close title to the

assets by the Closing Deadline (defined below) for any reason other than the Trustee's

default, each Back Up Bidder, as the case may be, shall become the Successful Bidder and

the Trustee may close the sale of the assets to Back Up Bidders without further Order of this

Court.

h.    **The Deposit**:  If a Qualified Bidder becomes a Successful Bidder (as defined

below), the deposit shall be applied towards the amount of the Successful Bid.  In the event

that a Qualified Bidder is not the Successful Bidder, the Trustee will return the deposit to

such Qualified Bidder within ten (10) business days of the Auction.

i.    **The Asset Purchase Agreement**.  The Trustee reserves the right to prescribe

the form of Asset Purchase Agreement to be entered into between the Trustee and the

Successful Purchaser(s).

j.    **The Sale Hearing**:  The Court will conduct the Sale Hearing on July 29, 2011

at 10:00 a.m. (prevailing Eastern time) to approve the sale of each or all of the Debtor Assets

to the Successful Bidder(s).  The Trustee reserves the right to request that the Sale Hearing

be adjourned on notice to Qualified Bidders.  At the Sale Hearing, the Trustee will seek,

among other relief, an Order (each a "Sale Order") (A) authorizing him to sell the Debtor

Assets to the Successful Bidder(s) under sections 363(b) and (f) of the Bankruptcy Code and

granting to the Successful Bidder(s) the protections set forth in 363(m) of the Bankruptcy

Code; and (B) authorizing him to assume and assign certain of the Unexpired Leases and

Executory Contracts pursuant to sections 365(a), (f) and (k) of the Bankruptcy Code or alternatively, reject certain of the Unexpired Leases and Executory Contracts.  The Trustee shall issue appropriate bills of sales and assignments with respect to the sale of the Debtor Assets.

        **k.**      **The Closing**:  The Successful Bidder(s)  shall consummate the purchase of each or all of the Assets within seven (7) days from the Court's entry of a Sale Order.  The Closing for the sale of the Debtor Assets shall take place at the offices of Forman Holt Eliades & Ravin, 80 Route 4 East, Suite 290, Paramus, New Jersey 07652.

        **l.**      **Contact Information:**  Any person requesting information concerning any or all of the Assets should contact the Trustee, Steven P. Kartzman, Esq., Mellinger Sanders & Kartzman LLC, 101 Gibraltar Drive, Morris Plains, New Jersey 07950 telephone (973) 267-3300, email at skartzman@msklaw.net or his special counsel, Michael E. Holt, Esq., Forman Holt Eliades & Ravin LLC, 80 Route 4 East, Suite 290, Paramus, New Jersey 07652, telephone (201) 845-1000, email at mholt@formanlaw.com or Gary N. Marks, Esq. Norris, McLaughlin & Marcus, PA, 721 Route 202-206, P.O. Box 5933, Bridgewater, New Jersey 08807 telephone (908) 722-0700, email at gnmarks@nmmlaw.com.

21.    The United States Bankruptcy Court for the District of New Jersey shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of the Bidding Procedures.

**K.**     **Approval of the Sale Process**

22.    The Trustee will offer the Assets for sale in the order and manner set forth below (the "Sale Process").

23.     The Assets available will be sold in a manner which will maximize value, including one of the following, or a sound alternative thereto:

    a.     All of the Debtor's inventory, unexpired non-residential real property leases, customer lists, fixtures, furnishings, machinery, equipment and good will as a going concern;

    b.     All inventory, or

        (i)     Inventory of some or all of the stores, or
        (ii)    Inventory of one or both of the warehouses.

    a.     All or some of the leases, either alone or with inventory.

    b.     The customer list alone or in conjunction with other assets.

    c.     A proposal to act as a liquidator of the Assets Available, either:

        (i)     With a guaranteed purchase price plus a formula for an upside payment, or
        (ii)    On a cost to the estate basis.

24.     The Trustee will examine each of the offers, either individually or in conjunction with other offers; to determine the highest or best price for the Debtor Assets.

**O.     Authority to Reject Unexpired Leases and Executory Contracts**

25.     The Trustee further seeks entry of an order pursuant to section 365 of the Bankruptcy Code to reject the Unexpired Leases and Executory Contracts set forth on Exhibit B.

26.     The traditional test in determining whether to reject an unexpired lease or executory contract is the "business judgment" test. *N.L.R.B. v. Bildisco and Bildisco*, 465 U.S. 513, 104 S.Ct. 1188, 1195, 79 L.Ed.2d 482 (1984).  The business judgment test "requires only that the trustee demonstrate that rejection of the executory contract will benefit the estate." *In re Wheeling-Pittsburgh Steel Corp.,* 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987), *citing In re Stable Mews Assoc., Inc.,* 41 B.R. 594, 596 (Bankr.S.D.N.Y.1984).

27.     To the extent that the offers are received for the Debtor's unexpired leases or they are not otherwise necessary for the Trustee to liquidate the Debtor's remaining assets, the Trustee specifically requests that he be authorized to reject any such leases as being of no benefit to the Debtor's estate.

28.     Nothing herein shall be deemed to be an abandonment, waiver or relinquishment of the Trustee's or the Debtors' interest in, and the Trustee specifically reserves all rights and retains the Debtors' interest in and to, the security deposits paid by the Debtors to its various lessors.

**P.      Authority to Abandon Assets**

29.     The Trustee seeks entry of an order pursuant to section 554 of the Bankruptcy Code authorizing him to abandon the furniture, fixtures and equipment and inventory, if any, located at the Debtors' former offices and showrooms to the extent that they are not sold consistent with the procedures set forth herein..

30.     Section 554 of the Bankruptcy Code authorizes the Trustee to abandon property of the Debtors that he determines to be burdensome to or of inconsequential value or benefit to the Estates.

31.     The Trustee believes that the costs associated with storing, maintaining and transporting any assets remaining at the Debtors' retail locations to New Jersey after the sale process has been completed would be greater than the value of the property that would be realized upon their liquidation.

**Q.      No Prior Applications for Relief Sought**

32.     No prior application has been made to this or any other Court for the relief sought herein.

**R.**     <u>**Notice**</u>

33.     Notice of this motion shall be given in accordance with the Order Shortening Time

Submitted herewith.

**S.**     <u>**Conclusion**</u>

WHEREFORE, the Trustee respectfully requests that the Court enter the relief sought herein

and grant to the Trustee such other and further relief that the Court deems just and proper.

FORMAN HOLT ELIADES & RAVIN LLC
Proposed Special Counsel for Steven P. Kartzman


By:    _/s/ Michael E. Holt_____
       Michael E. Holt


Dated:  July 15, 2011

m:/m/sk/arts de province/pleadings/sale/sale-application.doc