BALLARD SPAHR, LLP
A Pennsylvania Limited Liability Partnership
By:     Dean C. Waldt, Esquire
        Mariah E. Murphy, Esquire
210 Lake Drive East, Suite 200
Cherry Hill, New Jersey 08002
(856) 761-3400
Attorneys for Federal Realty Investment Trust

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ARTS DES PROVINCES DE FRANCE, INC. | : | Case No.: 11-29111 |
| | : | |
| Debtor. | : | Judge:  Donald H. Steckroth |
| | : | |

**FEDERAL REALTY INVESTMENT TRUST'S OBJECTION TO THE TRUSTEE'S MOTION FOR THE ENTRY OF AN ORDER (A) APPROVING BIDDING PROCEDURES, SCHEDULING BID DEADLINE, AUCTION SALE HEARING TO APPROVE SALE (B) AUTHORIZING TRUSTEE TO SELL ASSETS FREE AND CLEAR OF ALL LIENS CLAIMS, INTERESTS AND ENCUMBRANCES (C) AUTHORIZING THE TRUSTEE TO ABANDON CERTAIN PROPERTY OF THE ESTATE AND (E) GRANTING RELATED RELIEF**

Federal Realty Investment Trust ("Federal"), by and through their undersigned counsel, hereby submits this Objection to the Trustee's Motion for the Entry of an Order (A) Approving Bidding Procedures, Scheduling Bid Deadline, Auction Sale and Hearing to Approve Sale; (B) Authorizing the Trustee to Sell Assets Free and Clear of all Liens, Claims, Interests and Encumbrances; (C) Authorizing the Trustee to Assume and Assign Unexpired Leases; (D) Authorizing the Trustee to Reject Certain Unexpired Leases; (E) Authorizing the Trustee to Abandon Certain Property of the Estate; and (F) Granting Related Relief (the "Motion"), and in support thereof states as follows:

1. Federal is the owner or agent for the owner of a shopping center or other property in which the Debtor operates a retail store pursuant to a written lease (the "Lease") which is affected by the relief sought in the Motion.

2. Federal's premises are premises located in a shopping center, as that term is used in 11 U.S.C. § 365(b)(3). *See In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990). The premises affected by the Motion are located at The Wildwood Shopping Center, 10305 Old Georgetown Rd., Bethesda, Maryland (the "Premises").[1]

3. In the Motion, the Trustee seeks *inter alia*, approval of various bidding procedures, scheduling bid deadlines, scheduling an auction sale and a hearing to approve the auction results, authorizing the Trustee to sell assets free and clear of liens, claims and encumbrances, authorizing the trustee to assume and assign unexpired leases, authorizing the trustee to reject certain leases and to abandon certain assets and granting related relief. (*See,* Motion at Docket # 26).

4. The Trustee proposes the following schedule for the auction and sale of the Debtor's assets:

| | |
|---|---|
| July 26 @ 9 am | ►Deadline for submitting Bids |
| July 28 | ►Trustee to Notify Qualified Bidders |
| July 28 @ 10 am | ►Auction |
| July 28 @ 4pm | ►Objections to Proposed Sale Due |
| July 29 @ 10 am | ►Sale Approval Hearing |

---

[1] In addition, the Debtor has accumulated arrears both pre- and post- petition. The Trustee has not paid post-petition rent as required pursuant to Section 365, and post-petition rent is presently due and owing in the amount of $20,216.85.

2

The Landlord is concerned with certain portions of the compressed time frame set forth in the Motion.  This applies particularly to the proposed scheduling of the Sale Hearing <u>the day after the proposed Auction;</u> an objection deadline of 4:00 p.m. on the day of the auction; and the requirement for filing "blind" objections to the relief sought in the Sale Motion (the "Sale Objections") before the Landlord may even know the identity of a successful bidder.

5. Missing from the Trustee's proposed schedule are dates for providing adequate assurance information to the Landlord.

6. The proposed Motion does not provide for the dissemination of adequate assurance information to the Debtors' landlords either prior to and/or at the conclusion of the auction.

7. Any adequate assurance information received by the Trustee from any Qualified Bidder, as defined in the Motion, should be delivered to the Landlord within twenty-four (24) hours after receipt of such information by the Trustee so that the Landlord has sufficient time to review the adequate assurance information provided and file a reasoned objection, if necessary.

8. The Landlord must be given adequate time after the auction to review adequate assurance information and, if necessary, conduct discovery.  The Landlord should be afforded an opportunity to object to any proposed assumption and assignment of its Lease with a hearing on assumption and assignment of Lease to be held thereafter.  Such a schedule will still allow sufficient time for the transaction to close timely.

9. In addition, the Landlord should be afforded an opportunity to file an objection to the sale after the auction and after the Landlord receives adequate assurance information.

3

10. To satisfy the adequate assurance of future performance burden as more fully discussed below, the Trustee and the proposed assignee will need to provide the Landlord, at a minimum, the following information:

(i) the specific name of the proposed bidder, the proposed tenant that will act as the assignee, and the proposed name under which the assignee intends to operate the store;

(ii) the potential assignee's intended use for the space;

(iii) audited financial statements and annual reports for the past three (3) years, including all supplements or amendments thereto;

(iv) cash flow projections for the proposed assignee, the proposed assignee's most recent business plan, all cash flow projection for the Lease subject to the assignment request, and any financial projections, calculations and/or pro-formas prepared in contemplation of purchasing the Leases;

(v) all documents and other evidence of the potential assignee's retail experience and experience operating in a shopping center; and

(vi) a contact person for the proposed assignee that Landlord may directly contact in connection with the adequate assurance of future performance.

11. The above constitutes a non-exclusive list of the minimum information the Landlord will need to assess any potential assignee. The Trustee cannot carry its burden under Section 365 without providing this information. Without receipt of such information, the Landlord cannot meaningfully assess the qualifications of any proposed assignee. The Landlord reserves the right to request further information that it deems necessary to make an informed decision as to the ability of a potential assignee to satisfy the requirements of Section 365.

12. Further, the Lease is a shopping center lease and, as such, the Bankruptcy Code requires more than the basic adequate assurance of future performance of the Lease under Section 365(b)(1)(C). In re Sun TV and Appliances, Inc., 234 B.R. 356, 359 (Bankr. D. Del. 1999). The heightened adequate assurance requirements that the Trustee must satisfy under Section 365(b)(3) include the following:

- the source of rent and that the financial condition and operating performance of the proposed assignee and its guarantors, if any, must be similar to the financial condition and operating performance of the debtor and its guarantor(s), if any, as of the time the debtor became the lessee. See 11 U.S.C. § 365(b)(3)(A);

4

DMEAST #13890736 v1

- that any percentage rent due under the lease will not decline substantially. *See* 11 U.S.C. § 365(b)(3)(B);
- that assumption and assignment of the lease is subject to all provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach of any such provision in any other lease, financing agreement, or master agreement relating to such shopping center. *See* 11 U.S.C. § 365(b)(3)(C); and
- that assumption and assignment of the lease will not disrupt the tenant mix or balance in the shopping center.

*See* 11 U.S.C. § 365(b)(3)(D).

13. This adequate assurance of future performance determination must be satisfied in connection with an assumption and assignment under Section 365(f)(2)(B). <u>Sun TV and Appliances, Inc.</u>, 234 B.R. at 370.

14. Until adequate assurance of future performance information is provided to the Landlord, the Landlord reserves all rights to object to the sufficiency of the adequate assurance information provided in support of any successful bidder.

**All Charges Due Under the Lease Must be Preserved in Any Sale**

15. The Trustee has provided no mechanism for the resolution of cure claims in the event of a dispute. The Trustee should provide that all undisputed cure amounts will be paid immediately upon the assumption and assignment of the Lease. To the extent that there are disputed amounts, those amounts must be escrowed, and a procedure should be put in place to resolve these remaining disputed cure amounts within thirty (30) days of the assumption and assignment of the Leases with a status conference set to deal with any amounts that remain unresolved after such period.

16. In addition, any order approving the sale needs to specify that either the Trustee and/or assignee must satisfy all charges due under the Lease, including charges which have not yet been reconciled and/or adjusted from pre-petition (or even post-petition) periods. Any assumption and assignment of the Lease cannot cut off the Landlord's right to recover

5

unbilled charges that have accrued, or are accruing, under the Lease.  The Trustee must cure all existing defaults and compensate the Landlord for any actual pecuniary loss as a result of those defaults in order to assume the Leases under Section 365(b).  *See* 11 U.S.C. § 365(b)(1)(A) and (B).

### **Any Assumption and Assignment Must Comply with the Terms of the Leases**

17. Through the BAPCPA amendments, "Section 365(f)(1) is amended to make sure that all of the provisions of Section 365(b) are adhered to and that 365(f) of the code does not override Section 365(b)."  Floor Statement of Senator Orrin Hatch, 151 Cong. Rec. S. 2459, 2461-62 (daily ed. March 10, 2005).  The changes embodied in the BAPCPA specifically preserve a landlords' right to enforce use and other lease provisions.

18. Any attempted assignment must comply with the existing Lease provisions.  Provisions governing use, radius and the permitted conduct upon the Premises, therefore, are not anti-assignment provisions and are not rendered unenforceable by Section 365(f).  These are negotiated provisions that legitimately seek to preserve the Landlords' control over shopping center environments.  Section 365(b)(3) no longer permits even insubstantial breaches of provisions such as use, radius, location or exclusivity.  These critical lease terms are enforceable under Section 365(b), and this Court should deny any attempted assignment that fails to comply with such provisions.

19. If a Proposed Assignee intends to continue the use of the premises, <u>strictly</u> in accordance with the terms of the Lease, then the Landlord has no objection to an assignment based upon use.  If, however, any Proposed Assignee intends a use of the Premises other than strictly in accordance with permitted use clauses of the Lease, then the Landlord reserves the right to object to any such change of use.

20. The Landlord also reserves the right to object to any change of use on the grounds that such change may adversely impact tenant mix and balance at the Premises.

### Security Deposit for Assignee

21. Pursuant to § 365(l) of the Bankruptcy Code, the Landlord demands that any Proposed Assignee post a letter of credit or, a security deposit in the amount set forth in the Lease.

### Reservation of Rights to Object to Form of Documents and to Raise Further Objections

22. The Landlord reserves any and all rights to object to any final form of Asset Purchase Agreement, Lease Assignment Agreement, Sale Order, Rejection Order and/or any Assumption Assignment Agreement with regard to the sale, assumption and assignment of the Lease.

### Notice Parties

23. The Landlord and its counsel should be included as notice parties for any bids, and/or proposed sale of the Landlord's Premises.

### Reservation of Rights

24. The Landlord reserves the right to make such other and further objections as may be appropriate.

### Joinder in Other Landlord Objections

25. The Landlord hereby joins in the objections filed by Debtors' other landlords to the extent that such objections are not inconsistent with the provisions hereof.

BALLARD SPAHR, LLP

By: /s/ Mariah Murphy
    Dean C. Waldt, Esquire
    Mariah E. Murphy, Esquire
    BALLARD SPAHR, LLP
    A Pennsylvania Limited Liability Partnership
    210 Lake Drive East, Suite 200
    Cherry Hill, New Jersey  08002
    Attorneys for Federal Realty Investment Trust

Of Counsel:
David L. Pollack, Esquire
BALLARD SPAHR, LLP
A Pennsylvania Limited Liability Partnership
1735 Market Street
51st Floor
Philadelphia, PA 19103-7599
215.665.8500