UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

FORMAN HOLT ELIADES & RAVIN LLC
80 Route 4 East, Suite 290
Paramus, NJ 07652
(201) 845-1000
Special Counsel for Steven P. Kartzman,
Chapter 7 Trustee
Michael E. Holt (MEH-8237)

```
┌──────────────────────────────┐
│            FILED             │
│   JAMES J. WALDRON, CLERK    │
│                              │
│        AUG 0 9 2011          │
│                              │
│   U.S. BANKRUPTCY COURT      │
│         NEWARK, N.J.         │
│   BY _____ DEPUTY         │
└──────────────────────────────┘
```

In Re:

ARTS DES PROVINCES DE FRANCE, INC.,

                    Debtor.

Chapter 7
Case No.  11-29111 (DHS)

Hearing Date:  August 8, 2011
                    At 2:00 p.m.

**ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL
ESTATE LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET
& SELL LEASES; AND (F) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered 2 through 17 is hereby
**ORDERED**.

Aug. 9, 2011

D. Steckroth
USBJ

Page 2
Debtor:    ARTS DES PROVINCES DE FRANCE, INC.
Case No.    11-29111 (DHS)
Caption:    **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC. TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL LEASES; AND (F) GRANTING RELATED RELIEF**

This matter having been opened to the Court upon the application (the "Application") filed by Steven P. Kartzman, the chapter 7 trustee (the "Trustee") for Arts des Provinces de France, Inc. (the "Debtor"), through his special counsel, Forman Holt Eliades & Ravin LLC, for an Order Authorizing the Trustee (A) to enter into an Agency Agreement (the "Agreement") with Great American Group, LLC and LiquiTec Industries, Inc. (collectively, the "Agent"), (B) to sell the Debtor's assets through going out of business sales pursuant to 11 U.S.C. §§ 363 and 105; (C) to maintain certain of the Debtor's pre-petition bank accounts; (D)  to pay all costs associated with the sales; (E) to retain Great American Group Real Estate LLC d/b/a GA Keen Realty Advisors ("GA Keen") to market and sell leases; and (F) granting related relief; and the Court having considered the Application; and the Court having considered the objections filed by Federal Realty Investment Trust, through its attorneys, Ballard Spahr (Mariah E. Murphy appearing), Westport Post Road LLC, through its attorneys, Riker Danzig Scherer Hyland & Perretti LLP (J. Alex Kress appearing), Robert and Christine Schultz d/b/a Cartley Associates, through its attorneys, Becker Meisel LLC (Ben H. Becker appearing), PS & Partners, LP, through its attorneys, Fox Rothschild (Martha Chovanes appearing), Balgobind & Mehri Jaiswal, Highland Village Limited Partnership, Sarah Anne Holden Summers, as Trustee, through their attorneys, Wasserman Jurista & Stoltz (Steven Z. Jurista appearing), Lobern Development LLC,

Page 3
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.    11-29111 (DHS)
Caption:    **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
LEASES; AND (F) GRANTING RELATED RELIEF**

through its attorneys, Trenk DiPasquale, Webster, Della Ferra & Sodono, PC (Thomas M. Walsh

Fairfax Square LLC, through its attorneys, Offit Kurman (William First appearing);

appearing), and for the reasons set forth on the record at the hearings conducted on August 8,

2011 at 2:00 p.m. and on August 9, 2011 at 1:00 p.m. regarding the Trustee's Application; and it

appears that the relief requested is in the best interest of the Debtor's estate; and on the basis of

the record established,

This Court hereby finds that:

A.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.

This is a core proceeding as that term is defined in 28 U.S.C. § 157(b).  Venue is proper in this

District under 28 U.S.C. §§ 1408 and 1409.

B.    The Trustee has demonstrated a sufficient basis and legitimate business reasons

for conducting going-out-of-business, store closing, bankruptcy, liquidation or similarly themed

sales in accordance with the Agreement and as described in the Application (collectively, the

"GOB Sales").

C.    The Trustee has demonstrated a sufficient basis and legitimate business reasons

for retaining the Agent in accordance with the Agreement

D.    The Agent is a "disinterested person" as that term is used in 11 U.S.C. §327(a),

and does not hold any interest adverse to the estate.

Page 4
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.    11-29111 (DHS)
Caption:    **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
            AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
            GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
            TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
            DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
            MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
            ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
            SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
            LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
            LEASES; AND (F) GRANTING RELATED RELIEF**

E.      The Agent and the Trustee have entered into the Agreement in good faith.

F.      In order to conduct the GOB Sales, the Trustee will necessarily incur certain post-petition expenses, such as occupancy costs related to the Debtor's office and stores, insurance, security and related costs, and other day-to-day costs.

G.      The Trustee's ability to honor and process credit card and related transactions is essential to the success of the proposed GOB Sales. Without the ability to process credit card and related transactions, the Trustee likely would lose significant sales volume. The Trustee's request to maintain the Debtor's operating accounts and all pre-petition credit card and related facilities and to pay all pre-petition amounts due to preserve those facilities is sound and a proper exercise of his business judgment.

H.      The Trustee's decision to maintain certain of the Debtor's pre-petition bank accounts and to rename those accounts in his discretion is required to avoid an unnecessary interruption in the projected cash flow to be generated from the GOB Sales.

I.      The costs itemized in the Budget are reasonable and necessary to preserve and maximize the value of the Debtor's assets.

J.      Except as provided herein, to the extent that the Trustee would otherwise be subject to state or other local law pertaining to or regulating the conduct of the GOB Sales, the application of

Page 5
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.     11-29111 (DHS)
Caption:     **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
             AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
             GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
             TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
             DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
             MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
             ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
             SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
             LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
             LEASES; AND (F) GRANTING RELATED RELIEF**

such laws to the GOB Sales would constitute a hardship, and would otherwise threaten or

undermine the fundamental purpose of 11 U.S.C. §363(b) by placing constraints on the Trustee's

ability to marshal and maximize estate assets for the benefit of creditors.

K.     Except as provided herein, to the extent that any lease agreement to which the Debtor

is a party might include provisions which restrict or prohibit GOB Sales, the Court finds that such

restrictions impose an impermissible restraint on the Trustee's ability to maximize the value of the

Debtor's assets under 11 U.S.C. § 363 and are therefore unenforceable.

L.     The costs specified in the Budget reflect reasonable costs associated with the GOB

Sales.

M.     The payment of occupancy expenses specified in the Budget and as allowed by this

Court, does not constitute an assumption or assumption and assignment of any of the Debtor's

leases pursuant to 11 U.S.C. §365, and the Trustee's right to assume, reject, or assume and assign

any of the Debtor's leases is not affected by the terms of this Order.

N.     None of the fees contemplated to be paid to Agent or to GA Keen shall constitute a

"bonus" under applicable law.

O.     Agent and GA Keen are exempt from the requirement to keep time records for fees

earned.

Page 6
Debtor:       ARTS DES PROVINCES DE FRANCE, INC.
Case No.      11-29111 (DHS)
Caption:      **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
LEASES; AND (F) GRANTING RELATED RELIEF**

P.      All of Agent's and GA Keen's fees earned hereunder shall be treated as

administrative expense in the Debtor's Chapter 7 case and shall be entitled to a carve-out pursuant

to 11 U.S.C. Section 506©, if applicable.

Q.      The Trustee's proposal to conduct the GOB Sales and related transactions on the

terms set forth in the Application and the Agreement is in the best interest of the Debtor's estate

and the creditors thereof.

Therefore, it is hereby **ORDERED** that:

1.      In accordance with 11 U.S.C. §§ 327 and 328, the Trustee is authorized to retain

and employ the Agent and GA Keen in accordance with the terms of the Agreements[1] attached to

a copy of which is attached hereto + is incorporated herein,
the Trustee's Application, which is also approved in its entirety.

2.      The Agent and GA Keen shall be compensated by the Debtor's estate in

accordance with the Agreements and in accordance with the standards set forth in 11 U.S.C. §

328(a) without further order of the Court.

3.      Pursuant to 11 U.S.C. § 363(f), all sales of the Debtor's assets pursuant to the

Agreement and this Order shall be free and clear of all liens, claims and encumbrances with any

---

[1] All capitalized terms not otherwise defined herein shall have the meaning given to them in the Agreements or in
the Application as applicable.

Page 7
Debtor:       ARTS DES PROVINCES DE FRANCE, INC.
Case No.      11-29111 (DHS)
Caption:      **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
              AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
              GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
              TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
              DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
              MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
              ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
              SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
              LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
              LEASES; AND (F) GRANTING RELATED RELIEF**

and all such valid and/or perfected liens, claims and encumbrances to attach to the proceeds of

the sales with the same validity, priority, force and effect such liens, claims and encumbrances

had on the property immediately prior to the sale, and subject to the rights, claims, defenses and

objections, if any, of the Trustee and all interested parties with respect to any such asserted liens,

claims and encumbrances, provided however that no lien, claim and encumbrance shall attach to

the amounts due to Great American under the Agreement or this Order.

    4.    The Trustee is authorized to conduct the GOB Sales as proposed and as provided

herein, and to pay all of the expenses of those sales identified in the Budget, including but not

limited to occupancy expenses, insurance, security and related costs.

    5.    The Trustee shall pay the June stub rent and the July and August monthly rents

together with all related charges, including, but not limited to, the Debtor's pro rata share of the

real property taxes, common area maintenance charges and other amounts due under the Leases

*on or before August 31, 2011*

from the first dollars received from the Sales. Thereafter, the Trustee will reimburse the Agent

*through August 31, 2011*

and GA Keen for the actual Sale Expenses invoiced to the Trustee. After reimbursement to the

Agent of those Sale Expenses, the September monthly rent, if any, and any related charges due

under the Leases, shall be paid.

Page 8
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.     11-29111 (DHS)
Caption:     **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
LEASES; AND (F) GRANTING RELATED RELIEF**

6.      The Trustee's payments to the Debtor's Landlords in connection with the GOB

Sales do not constitute an assumption or an assumption and assignment of any of the Debtor's

Leases under 11 U.S.C. §365. The Trustee's right to assume, reject, or assume and assign any of

the Debtor's Leases is preserved.

7.      The Trustee is authorized but not directed to continue the Debtor's pre-petition

operating accounts and credit card and related facilities and to pay all pre-petition and post-

petition charges, fees, or amounts owed, to maintain such accounts. The Trustee also is

authorized to close any such account as he deems appropriate. In the alternative, the Trustee is

authorized to utilize one or more credit card facilities/merchant identification number maintained

or established by the Agent, provided that the estate shall be obligated to pay or reimburse the

Agent for all charges, fees, costs, charge backs and other expenses related to such use at the

actual rates charged to Agent for such services and subject to the cap on Sales Expenses as set

forth in the Application.

8.      The Trustee is authorized but not directed to use the Debtor's bank accounts. The

Trustee also is authorized to close any such account as he deems appropriate.

9.      Any objections to the proposed signage to be used by the Agent, including the use

of sign walkers, are withdrawn or are overruled except as set forth in this Order. Sign walkers

Page 9
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.     11-29111 (DHS)
Caption:     **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
LEASES; AND (F) GRANTING RELATED RELIEF**

will not be permitted on the Landlords' properties, but will remain on public thoroughfares. Any

exterior signage utilized by the Agent will be erected solely on the premises leased by the Debtor

and will not interfere with or obscure any other tenants' store frontage. There shall be no

tethered, hot air or other balloons on the exterior of the premises. The Agent may not employ

bullhorns or amplified sound on the exterior of the premises and may not employ flashing lights,

strobe lights, or large spot lights in connection with the sales.

10.    The transactions pursuant to the Agreement and this Order shall be binding upon

all entities including, without limitation, all landlords of the Stores, filing agents, filing officers,

title agents, title companies, recorders of mortgages, recorders of deeds, administrative agencies,

governmental departments, secretaries of state, federal, state, and local officials, and all other

persons and entities who may be required by operation of law, the duties of their office, or

contract, to accept, file register, or otherwise record or release any documents or instruments, or

who may be required to report or insure any title or state of title in or to any of the property sold

pursuant to this Order; and each and every federal, state, and local governmental agency or

department is directed to accept this Order as sole and sufficient evidence of the transfer of title

to any particular purchaser, and such agency or department shall rely upon this Order in

consummating the transactions contemplated hereby.

Page 10
Debtor:     ARTS DES PROVINCES DE FRANCE, INC.
Case No.    11-29111 (DHS)
Caption:    **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC. TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL LEASES; AND (F) GRANTING RELATED RELIEF**

11.    Each and every federal, state or local agency, department or governmental authority with regulatory authority over the Sale and all newspapers and other advertising media in which the Sale is advertised shall consider this Order binding and shall allow the Trustee and the Agent to consummate the transactions provided for in the Agreement without charging advertising rates in excess of the rates charged to the Debtor prior to the Petition Date, including, without limitation, the conducting and the advertising of the GOB Sales in the manner contemplated by the Agreement, and no further approval, license or permits of any governmental authority shall be required; provided however that the Trustee and Great American continue to be bound by and comply with the state and local public health and safety laws ("Safety Laws"), and tax, labor, employment, environmental and consumer protection laws, including consumer laws regulating deceptive practices and false advertising (collectively, the "General Laws"), to the extent applicable.

12.    If any parties or persons, including, but not limited to, landlords, subtenants, utility companies, governmental agencies (except to the extent provided otherwise in this Order), sheriffs, marshals or other public officers, creditors and all those acting for or on their behalf, believe that cause exists to: (a) prohibit the Trustee and the Agent from advertising the GOB Sales in a manner that is consistent with the Agreement; (b) in any way interfere with or otherwise

Page 11
Debtor:        ARTS DES PROVINCES DE FRANCE, INC.
Case No.       11-29111 (DHS)
Caption:       **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
               AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
               GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
               TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
               DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
               MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
               ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
               SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
               LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
               LEASES; AND (F) GRANTING RELATED RELIEF**

impede the conduct of the GOB Sales or other liquidation sales at the Stores or the use or

maintenance of all services, furniture, fixtures, equipment and other assets located at the Stores;

or (c) institute any action or proceeding in any court or other administrative body, other than this

Court, having as its objective the obtaining of an order or judgment against the Debtor, the

Trustee, the ~~Consultant~~ Agent or a landlord that might in any way directly or indirectly obstruct or

otherwise interfere with or adversely affect the conduct of the GOB Sales or other liquidation

sales at the Stores or seek to recover damages for breach(es) of covenants or provisions in any

lease or sublease based upon any relief authorized herein, this Court shall retain exclusive

jurisdiction to resolve such disputes, and such parties or persons shall take no action against the

Debtor, the Trustee, the Agent, the landlords of the Stores or the GOB Sales until this Court has

resolved such dispute. This Court shall hear the request of such persons or parties with respect to

any such disputes on an expedited basis, as may be appropriate under the circumstances.

13.    Provided that the GOB Sales are conducted in accordance with the terms of this Order

and the Agreement, the Trustee and the Agent shall be deemed to be in compliance with the

requirements of any applicable "going-out-of-business," "bankruptcy liquidation," "store closing," or

similar themed inventory liquidation sales, or bulk sale laws (each a "GOB Law," and together, the

"GOB Laws").

Page 12
Debtor:     ARTS DES PROVINCES DE FRANCE, INC.
Case No.    11-29111 (DHS)
Caption:    **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
            AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
            GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
            TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
            DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
            MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
            ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
            SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
            LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
            LEASES; AND (F) GRANTING RELATED RELIEF**

14.     The Agent is hereby authorized to conduct the GOB Sales pursuant to the Agreement,

and take all actions reasonably related thereto or arising in connection therewith.  The GOB Sales shall

be conducted by the Trustee and the Agent without the necessity of compliance with any federal,

state or local statute or ordinance (other than Safety Laws), lease provision or licensing requirement

affecting store closing, going out of business, bankruptcy liquidation, or affecting advertising,

including signs, banners, and posting of signage, except as otherwise provided in
this Order.

15.     The GOB Sales at the Stores shall be conducted by the Trustee and the Agent

notwithstanding any restrictive provision of any lease, sublease or other agreement relative to

occupancy affecting or purporting to restrict the conduct of the Sale, the rejection of leases,

abandonment of assets or "going dark" provisions.

16.     Nothing in this Order or the Agreement and none of the Agent's or GA Keen's actions

taken in respect of the GOB Sales shall be deemed to constitute an assumption by the Agent of any of

the Debtor's obligations.

17.     The provisions of this Order shall be self-executing and each and every federal, state

or local agency, department or governmental authority and all newspapers and other advertising

media and each and every landlord is hereby directed to accept this Order as binding authority to

consummate the transactions set forth in the Agreement, including, without limitation, the GOB

Page 13
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.     11-29111 (DHS)
Caption:     **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
LEASES; AND (F) GRANTING RELATED RELIEF**

Sales, and no other or further approval, consent, permit, license, recordkeeping, and the like of any

such federal, state or local agency, department or governmental authority, lender to the Debtor, or

landlords under any lease is required to effectuate, consummate and implement the transactions set

forth in the Application, including the GOB Sales and advertising thereof consistent with the

Agreement.

18.     Absent further order of the Court, all persons, including, but not limited to, landlords,

utility companies, government agencies, sheriffs, marshals or other public officers, creditors and all

those acting for or on their behalf, are precluded from preventing, interfering with, or otherwise

hindering consummation of the GOB Sales or advertisement of such sales, including actions

affecting the property of the estate in connection with such sales, except as otherwise provided in this

Order.

19.     The Agent may, at its own expense and subject to the consent of the Trustee, consign

to the Debtor's estate and supplement merchandise in the Stores with Additional Goods as defined in

Section 14.8 of the Agreement.  The delivery of the Additional Goods at the Stores shall be a true

consignment and neither Debtor nor any other third party shall have a right, claim or interest in and

to the Additional Goods.  The consignment of the Additional Goods is hereby deemed perfected

Page 14
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.     11-29111 (DHS)
Caption:     **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
LEASES; AND (F) GRANTING RELATED RELIEF**

without the necessity of filing or recording any Uniform Commercial Code financing statement or

any other document or the serving of any notice of such consignment on any party.

20.     GA Keen will solicit bids for the assumption and assignment of any leases. The

deadline for submitting bids for any proposed assignment of the leases will be August 24, 2011. GA

Keen and the Trustee will provide all affected landlords with any bids and all supporting documentation

regarding the proposed assignee's financial wherewithal and proposed use of the property on or before

August 25, 2011. GA Keen will conduct an auction regarding the proposed assumption and assignment

of any leases on August 26, 2011. The Court will conduct a hearing on any proposed assumption and

assignment of the leases on ~~August~~ _September 7_ ___, 2011 at _10:00_ _AM_ The landlords reserve all rights to object to the     DHS

proposed assumption and assignment of the leases. Any leases for which there are no proposed

assignees on August 24, 2011 will not be subject to any future assumption or assignment by the Trustee,

but will be rejected by the Trustee consistent with the Lease Rejection Procedures provided herein at the

conclusion of the sales at each location.

21.     The Trustee will notify landlords as soon as possible of his intent to reject leases and

surrender premises consistent with the Agency Agreement and the Lease Rejection Procedures provided

herein. The Trustee will notify all landlords no later than September ~~20~~ _16_, 2011 whether he seeks the     DHS

Page 15
Debtor:     ARTS DES PROVINCES DE FRANCE, INC.
Case No.    11-29111 (DHS)
Caption:    **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC. TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL LEASES; AND (F) GRANTING RELATED RELIEF**

ability to continue the sales past September ~~20~~, 30 2011. The Court will conduct a hearing on ~~or before~~ DHS

September 20, 2011 @ 10:00 Am to consider any such request by the Trustee.

22.    Landlords may take reasonable efforts to re-let their respective premises during the Sale Term. At the conclusion of the Sale Term, the Stores shall be left in a broom-clean condition by the Agent and no auctions will be conducted at the Stores.

23.    Any Additional Goods included in the Sale by the Agent will not exceed ten (10%) percent of the total inventory to be sold and will be of a like, kind and quality as is customarily sold in the Stores. The sale of Additional Goods is subject to the mutual agreement by the Trustee and the Agent. No Additional Goods will be abandoned or left at the Stores at the conclusion of the sales and the sale term will not extended for the purpose of selling Additional Goods.

24.    The following lease rejection procedures for the Stores and the Corporate Office/Distribution Center are authorized and approved:

> (a)    Great American will serve the Trustee with written notice five (5) days prior to the termination of the Sale at the Stores (the "Five Day Notice Period") of their intent to no longer occupy and/or use the same. Great American will be responsible to pay the Sale Expenses for the Stores until the expiration of the Five Day Notice Period;

Page 16
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.     11-29111 (DHS)
Caption:     **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
LEASES; AND (F) GRANTING RELATED RELIEF**

(b)     On or before two (2) days prior to the expiration of the Five
Day Notice Period, the Trustee shall serve the landlord(s)/lessor(s)
with a notice of rejection (the "Rejection Notice") of the lease(s);

(c)     The affected lease(s) shall be deemed rejected upon the
expiration of the Five Day Notice Period; and

(d)     All assets situated at such premises on the expiration of the
Five Day Notice Period shall be deemed abandoned.

25.     The Agent and GA Keen shall not be liable for any claims against the Debtor or
the Trustee and shall not have any successor liabilities whatsoever.

26.     No expenses of administration of the Debtor's bankruptcy case shall be charged
against the Agent or GA Keen, or amounts due to them in accordance to the Agreement and this
Order, pursuant to 11 U.S.C. §§ 502, 503, 506 and 507 or otherwise.

21.     Each Sale Expense item set forth in the Budget may be increased up to 5% as
mutually agreed upon by the Trustee and the Agent in accordance with the Agreement, provided,
however, that the Total Sale Expenses, exclusive of Occupancy Expenses, may not exceed
27.5% of the Gross Proceeds of the Sale without further order of the Court.

22.     The Trustee is authorized to execute and deliver all instruments and documents,
and take such other action as may be necessary or appropriate to implement and effectuate the
transactions contemplated by the Agreement and this Order.

Page 17
Debtor:      ARTS DES PROVINCES DE FRANCE, INC.
Case No.     11-29111 (DHS)
Caption:     **ORDER AUTHORIZING THE TRUSTEE (A) TO ENTER INTO AN
             AGENCY AGREEMENT WITH A JOINT VENTURE COMPRISED OF
             GREAT AMERICAN GROUP, LLC AND LIQUITEC INDUSTRIES, INC.
             TO CONDUCT GOING OUT OF BUSINESS SALES; (B) TO SELL THE
             DEBTOR'S ASSETS PURSUANT TO 11 U.S.C. §§ 363 AND 105; (C) TO
             MAINTAIN CERTAIN OF THE DEBTOR'S PRE-PETITION BANK
             ACCOUNTS; (D) TO PAY ALL COSTS ASSOCIATED WITH THE
             SALES; (E) TO RETAIN GREAT AMERICAN GROUP REAL ESTATE
             LLC d/b/a GA KEEN REALTY ADVISORS TO MARKET & SELL
             LEASES; AND (F) GRANTING RELATED RELIEF**

23.     The requirements of Federal Rules of Bankruptcy Procedure 6004(h) and

6006(d), to the extent they would otherwise apply, are hereby waived.

24.     Agent and GA Keen are exempt from the requirement to keep time records for

fees earned and all of Agent's and GA Keen's fees earned hereunder shall be treated as

administrative expense in the Debtor's chapter 7 case and shall be entitled to a carve-out

pursuant to 11 U.S.C. Section 506 (c), if applicable.

25.     This Court shall retain jurisdiction over any and all issues arising from or related

to the implementation and interpretation of this Order or the Agreement and neither the Trustee,

Agent nor GA Keen shall be required to seek authorization from any other jurisdiction with

respect to the relief granted by this Order.

## AGENCY AGREEMENT FOR LIQUIDATION OF ASSETS

The Agency Agreement, dated as of August __9__, 2011, (together with all Exhibits and attachments hereto, collectively, the "Agreement"), is made by and between a joint venture comprised of Great American Group, LLC and LiquiTec Industries, Inc. (collectively the "Agent") and Steven P. Kartzman, solely in his capacity as the Chapter 7 Trustee of (the "Trustee") Arts des Provinces de France, Inc. d/b/a Pierre Deux (the "Merchant").

### WITNESSETH:

**WHEREAS,** Merchant was in the business of selling home furnishings and accessories from leased specialty retail store locations; and

**WHEREAS,** on June 23, 2011 (the "Petition Date"), the Merchant filed a voluntary petition for relief Case No. 11-29111 (DHS) (the "Bankruptcy Case") under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"); and

**WHEREAS,** on June 24, 2011, the Office of the United States Trustee appointed Steven P. Kartzman to serve as the Chapter 7 Trustee for the Merchant; and

**WHEREAS,** the Trustee has determined that it is in its best interest of the Merchant's bankruptcy estate to close or otherwise dispose of all of Merchant's inventory and retail store locations; and

**WHEREAS,** Agent is in the business of, among other things, providing inventory and fixture disposition services to retailers desiring to close retail store locations; and

**WHEREAS,** Trustee desires that Agent assist Trustee for the purpose of: (a) selling, by conducting a "going-out-of-business", "store closing", "bankruptcy liquidation", or similarly themed sale (collectively, the "Sale") of all of the Merchandise (as hereinafter defined) located or to be located in: (i) those retail store locations identified in **Exhibit 1** attached hereto (collectively, the "Stores") and the Corporate Office/Distribution Center; and (b) disposing of Merchant's owned furniture, trade fixtures and equipment located at the Stores and the Corporate Office/Distribution Center, subject to the terms and conditions set forth herein.

**NOW, THEREFORE,** in consideration of the mutual covenants and agreements hereinafter set forth and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1.       **DEFINITIONS**

For the purposes of this Agreement, the terms listed below shall have the respective meanings indicated:

1

1.1    "Budget" shall mean the budget of Sale Expenses set forth as **Exhibit** 1.1 attached hereto. The Budget represents a good faith estimate by the parties of the projected costs of the Sale.

1.2    "Corporate Office/Distribution Center" shall mean the corporate offices and distribution center located at 40 Enterprise Avenue North and 180 Seaview Avenue, Secaucus, New Jersey 07094

1.3    "Merchandise" shall mean all items of inventory or merchandise located in the Stores or the Corporate Office/Distribution Center as of the Sale Commencement Date.

1.4    "Gross Cost" shall mean the aggregate cost of the Merchandise based on the Merchant's books and records less a shrink factor of 2%.

1.5    "Gross Proceeds" means the aggregate gross proceeds of all sales of Merchandise made in the Stores or otherwise. The term Gross proceeds shall include all proceeds received by Agent for sales taxes and shipping charges but shall not include proceeds received for Merchandise prior to the Sale Commencement Date or after the Sale Termination Date.

1.6    "Net Proceeds" means the aggregate Gross Proceeds less sales tax, shipping charges, Occupancy Expenses and Sale Expenses.

1.7    "Occupancy Expenses" means base rent, additional rent, CAM, real estate and use taxes and such other amounts to be paid by "tenant" under the leases for each of the Stores and the Corporate Office/Distribution Center during the Sale Term. Occupancy Expenses shall remain the responsibility of Trustee during the Sale Term.

1.8    **[INTENTIONALLY OMITTED]**

1.9    "Sale Commencement Date" shall mean, subject to entry of the Store Closing Order by the Bankruptcy Court, no later than August 9, 2011.

1.10   "Sale" shall mean the procedures and mechanics for selling the Merchant's Merchandise and FF&E under this Agreement.

1.11   "Sale Expenses" shall mean those expenses including credit card processing fees but not including Occupancy Expenses to be incurred in connection with the Sale as detailed in Exhibit 1.1 and capped at 27.5% of the Gross Proceeds.

1.12   "Sale Term" shall mean the period of time beginning with the Sale Commencement Date and ending on the Sale Termination Date.

1.13   "Sale Termination Date" for the Stores shall be no later than September 30, 2011, provided that the Sale Termination Date may be extended by mutual written agreement of Agent and Trustee in the Trustee's exercise of his business judgment on terms substantially similar to those set forth in this Agreement.

1.14   "Services" shall mean the services to be performed by the Agent pursuant to Section 2.2 of this Agreement.

1.15   "Stores" shall have the meaning given in the premises.

1.16   "Store Employees" shall mean those individuals who the Agent employs and retains in the Stores to conduct the Sale.

1.17   "Supervisors" shall mean the individuals whom Agent shall engage to provide Services in the Stores to Trustee on behalf of the Merchant in connection with the Sale.

## 2.       **SERVICES**

2.1   Trustee on behalf of Merchant hereby retains Agent to conduct the Sale at the Stores on behalf of the Trustee.   Trustee's obligations hereunder are subject to the approval of the Bankruptcy Court and shall be of no force and effect in the event that a store closing order in form and substance reasonably acceptable to Trustee and the Agent (the "Store Closing Order") is not entered by the Bankruptcy Court on or before August 8, 2011.   Subject to the entry of Store Closing Order, Trustee and Agent shall be permitted to conduct a "going-out-of-business", "store closing", "bankruptcy liquidation", or similarly themed sale.

2.2   On the terms and conditions set forth herein, commencing as of the Sale Commencement Date, the Agent shall provide Trustee with the following services (the "Services") with respect to the conduct of a Sale:

(i)     provide lead, field and  financial Supervisors as needed in conducting the Sale and oversee the Sale process.  All Supervisors shall have specific experience conducting "going-out-of-business", "store closing", "bankruptcy liquidation", or similarly themed sales and shall act in a professional manner;

(ii)    oversee the liquidation and disposal of the Merchandise, in consultation with the Trustee, to maximize the net proceeds from such Merchandise;

(iii)   implement appropriate advertising to effectively sell the Merchandise during the Sale;

(iv)    implement appropriate merchandising, pricing and discounting of the Merchandise;

(v)     implement the transfer and balancing of Merchandise between the Stores to maximize results during the Sale;

3

(vi)    monitor the Stores' performance and the physical layout of the Stores, in the implementation of merchandising and visual presentation recommendations;

(vii)    provide appropriate staffing and management levels for the Stores;

(viii)    provide such other related services deemed necessary or prudent by the Agent under the circumstances giving rise to a Sale; and

(ix)    monitor the Sale Expenses set forth on the Budget.

Agent shall undertake its obligations under this Agreement in a manner designed to achieve the desired results of the Sale and to maximize the benefit to the Trustee and the Debtor's estate and shall expend not less than the amount set forth in the Budget for advertising the Sale, unless mutually agreed to by Agent and Trustee    Agent shall consult reasonably with Trustee regarding its recommendations, but Agent shall maintain operational control of the conduct of the Sale.

2.3    In connection with the Sale, Agent shall directly retain and engage the Supervisors who shall have reasonable qualifications in the home furnishings field. Subject to the costs allocated in the Budget, Agent shall determine the appropriate number of Supervisors to use in the Sale based on the number and location of Stores included in the Sale. The Supervisors are independent contractors engaged by Agent and are not and shall not be deemed to be employees of Trustee in any manner whatsoever; nor do the Supervisors have any relationship with Trustee by virtue of this Agreement or otherwise which creates any liability or responsibility on behalf of Trustee for the Supervisors (other than to pay the amounts due Supervisors pursuant to this Agreement). During the Sale Term, the Supervisors shall perform Services during normal Store operating hours and for the period of time prior to the Stores' opening and through the Sale Termination Date for each of the Stores, as required in connection with the Sale in Agent's discretion.

2.4    Title to all Merchandise shall remain with Trustee on behalf of the Merchant at all times during the Sale Term until such Merchandise is sold on behalf of the Merchant. All sales of Merchandise in the Stores shall be made on behalf of Merchant and run through the Merchant's POS system or a POS system established by the Agent for the Sale. The Gross Proceeds shall be directed or deposited by the Agent into such of the Merchant's accounts as designated by the Trustee. All sales of Merchandise shall be for cash or credit card, and shall be conspicuously marked **"final"**.

3.    **AGENT'S FEES**    $3,750,000.00

3.1    Agent will receive a base fee (the "Base Fee") as follows: Agent receives no fee until the Net Proceeds to the Trustee reach $3,900,000. After the Net Proceeds to the Trustee reach $5,900,000, Agent shall receive four percent of the Gross Proceeds (calculated from the first dollar) up to Net Proceeds to Trustee of $4,200,000, but only to the extent of Net Proceeds

$3,750,000.00

4

$3,750,000.°°

above $3,900,000 available to pay same. Thereafter, the Trustee and the Agent shall equally share all Net Proceeds after the Net Proceeds to the Trustee exceed $4,200,000. Agent's fees shall not include fees calculated upon amounts received by Agent for sales taxes or shipping charges collected as part of the Gross Proceeds.

## 4.    INVOICES; REPORTS

4.1    Agent shall submit invoices to Trustee on a weekly basis setting forth any Sale Expenses that have been incurred directly by Agent. Within three (3) business days of the submission of such invoices, all undisputed invoices shall be paid in full by Trustee. No later than ten (10) business days following the end of the Sale Term, the parties shall endeavor to complete a final reconciliation and settlement of all amounts contemplated by this Agreement (the "Final Settlement"). All undisputed amounts shall be paid to Agent upon completion of the Final Settlement. Any disputes concerning the Final Settlement that are not otherwise resolved in a signed writing between Trustee and Agent shall be submitted to the Bankruptcy Court for resolution.

4.2    Agent shall prepare and deliver to Trustee daily and weekly reports of the Sale, including Gross Proceeds, Net Proceeds and such other information and reports relative to the Sale as reasonably requested by Trustee. Trustee shall provide Agent such information and reports reasonably necessary to properly effectuate the Sale and the terms of this Agreement. Each party to this Agreement shall, at all times and prior to the actual date of the Final Settlement, provide the other with access to all information, books and records relating to the Sale and to this Agreement.

## 5.    STORE EMPLOYEES

5.1    Agent shall select all Store Employees to be utilized as part of the Sale during the Sale Term.  Agent, in its reasonable discretion, shall retain such persons in order for the Merchant's business to operate and to conduct the Sale in accordance with this Agreement.

5.2    Except as otherwise provided herein, Agent shall have no liability to the Merchant's Employees (including any of Merchant's former employees rehired during the Sale) of any kind or nature whatsoever, including without limitation, with respect to severance pay, termination pay, vacation pay, pay in lieu of reasonable notice of termination, or any other expenses or liability arising from Merchant's employment of such Store Employees prior to, during, and subsequent to the Sale.

## 6.    ADDITIONAL REPRESENTATION AND WARRANTIES OF AGENT

6.1    In addition to all other representations set forth in this Agreement, Agent hereby represents, warrants and covenants in favor of Trustee as follows:

(a)    Agent has taken all necessary action required to authorize the execution, performance and delivery of this agreement, and to consummate the transactions contemplated hereby.

(b)    This Agreement is a valid binding obligation of Agent enforceable in accordance with its terms, subject only to any applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally and the availability of equitable remedies.

(c)    No action or proceeding has been instituted or, to Agent's knowledge, threatened, affecting the consummation of this Agreement or the transactions contemplated herein, provided that Agent is aware that various vendors have asserted consignment or reclamation rights in the Merchant's bankruptcy case and that those disputes have not been resolved.

(d)    Except as provided in the Approval Order, Agent will perform its duties under this Agreement in compliance with all applicable laws, rules and regulations.

(e)    Agent shall charge only actual charges without markup as part of the Sale Expenses and the FF&E expenses.

## 7.    REPRESENTATIONS AND WARRANTIES OF TRUSTEE

7.1    Trustee hereby represents, warrants and covenants in favor of Agent as follows:

(a)    Subject to approval of this Agreement by the Bankruptcy Court, Trustee has taken all necessary action required to authorize its execution, performance and delivery of this Agreement, and to consummate the transactions contemplated hereby.

(b)    Subject to approval of this Agreement by the Bankruptcy Court, this Agreement is a valid and binding obligation of Trustee enforceable in accordance with its terms, subject only to any applicable bankruptcy, insolvency or similar laws affecting the rights of creditors generally and the availability of equitable remedies.

(c)    No action or proceeding has been instituted or, to Trustee's knowledge, threatened, affecting the consummation of this Agreement or the transactions contemplated herein.

(d)    Notwithstanding any provisions in the underlying leases or occupancy agreements to the contrary, Trustee shall provide Consultant quiet enjoyment of the Stores and the Corporate Offices/Distribution Center for the purpose of conducting the Sale during entire the Sale Term. In the event that there is any issue with occupancy of the Stores, the Trustee shall seek an order from the Bankruptcy Court to allow access as provided herein.

(e)    The Gross Cost of the Merchandise on the Sale Commencement Date at the Stores shall not be less than $7,400,000, less a shrink factor of 2%. Agent shall conduct a sampling of the Merchandise and notify the Trustee of any material deviation of the Gross Cost as provided herein prior to the Sale Commencement Date.

## 8.    AFFIRMATIVE DUTIES OF AGENT

8.1    Agent shall reimburse, indemnify, defend and hold Trustee and its agents, and employees, harmless from and against any damage, loss, expense (including reasonable attorneys' fees) or penalty, or any claim or action therefor, directly arising from: (i) Agent's material breach of or failure to comply with any of its material agreements, covenants, representations or warranties contained herein or in any written agreement entered into in connection herewith; (ii) any harassment or any other unlawful, tortious or otherwise actionable treatment of any employees or agents of Trustee by Agent, any of its constituent members, their respective affiliates, or their respective officers, directors, employees, agents, independent contractors, or representatives; (iii) any claims by any party engaged by Agent as an employee or independent contractor arising out of such employment; except where due to the gross negligence, willful misconduct or unlawful acts of Trustee, its employees, agents, independent contractors, or representatives; and (v) the negligence, willful misconduct, and/or unlawful acts of Agent, either of its constituent members, their respective affiliates, or their respective officers, directors, employees, agents, independent contractors, or representatives.

8.2    Except as otherwise provided in the Store Closing Order, Agent shall be responsible for obtaining, with Trustee's reasonable assistance, all permits and permissions to conduct the Services herein and shall conduct such Services in compliance with all applicable rules and regulations.

8.3 During the course of the Sale, Agent may use, but shall not sell, lease, or offer to sell, lease otherwise dispose of, Merchant's customer lists, mailing lists, email lists, trade name, domain name and web site (collectively, the "IP") to market and sell the Merchandise. Agent shall keep the IP confidential and shall safeguard all personally identifiable information as defined in 11 U.S.C. Section 101(41A) contained therein consistent with the Merchant's existing privacy policies and all applicable laws.

8.4    Agent shall conduct the Sale at the Stores throughout the Sale Term in accordance with the Store Closing Order and in a manner consistent with the Sale Guidelines.

8.5    Agent shall provide the Trustee with no less than 5 days' advanced notice of its intent to close any of the Stores.

8.6    Agent acknowledges that it submitted pro forma sale projections to the Trustee and that the Trustee relied on those projections in deciding to retain the Agent and in entering into this Agreement.   While the Agent has not guaranteed the results of the Sale, and Trustee acknowledges that the actual results of the Sale may differ from the projections provided, Agent will use its best efforts to achieve the projected results.

8.7    Agent shall provide the Trustee with adequate assurance of the performance of its obligations hereunder by way of a bond, letter of credit or other security in a form and an amount mutually agreeable to Trustee and Agent

## 9.    AFFIRMATIVE DUTIES OF TRUSTEE

9.1    Trustee shall be solely liable for, and shall pay when due, all Sale Expenses reflected in the Budget.

9.2    Trustee shall prepare and process all reporting forms, certificates, reports and other documentation required in connection with the payment of all applicable taxes for the Stores to the appropriate taxing authorities. Trustee shall pay all sales taxes collected and turned over by the Agent on behalf of Merchant during the sale to the appropriate taxing authorities in accordance with the applicable law.

9.3    Trustee shall use all reasonable efforts to cause any Store Employees, and all other representatives and agents of Trustee to cooperate fully with Agent and its Supervisors in connection with the Sale during the Sale Term.

## 10.    INSURANCE

10.1    During the Sale, Trustee shall at its sole cost and expense, maintain Merchant's casualty, liability and contents insurance coverage at levels consistent with Agent's reasonable request. Agent shall maintain and provide proof of adequate liability and workers compensation insurance to the Trustee and shall name the Trustee as an additional insured party on all liability policies maintained by Agent.

## 11.    FIXTURES

11.1    Agent shall advertise in the context of advertising for the Sale that items of fixtures, furniture and equipment owned by Merchant and/or Trustee on behalf of Merchant ("FF&E") located at the Stores and the Corporate Office/Distribution Center are for sale, and shall contact and solicit known purchasers and dealers of furniture, fixtures, and equipment in the Stores and the Corporate Office/Distribution Center. Trustee shall advise Agent if any fixtures, furniture, or equipment is not owned by Merchant and/or Trustee on behalf of Merchant. Agent may conduct an auction of the FF&E at the Corporate Office/Distribution Center.

11.2    At the conclusion of the Sale, Agent shall leave the Stores and the Corporate Office/Distribution Center in broom clean condition and any unsold FF&E shall remain in the Stores for disposition by Trustee.

11.3    Agent shall be entitled to a fee equal to twenty percent (20%) of the Gross Proceeds from the sale of the FF&E in the Stores and ten percent (10%) of the Gross Proceeds from the sale of the FF&E in the Corporate Office/Distribution Center, plus reasonable actual expenses incurred in connection with the sale of the FF&E which shall be set forth on a budget to be mutually agreed to between the Trustee and the Agent subject to the cap on expenses set forth in the Budget and the calculation of Agent's fees as provided for in Paragraph 3.1 above

12.   **WEEKLY RECONCILIATIONS**

12.1   On every Wednesday during the Sale Term, Trustee and Agent shall cooperate to reconcile Sale Expenses, the Base Fee, other amounts due Agent pursuant to this Agreement and such other Sale related matters as either party may reasonably request, in each case for the prior week or partial week (*i.e.*, Sunday through Saturday).  As part of such weekly reconciliations, Trustee shall pay Agent all amounts due Agent pursuant to this Agreement.

13.   **DEFAULT**

13.1   The occurrence of any of the following is an "Event of Default":

(i)   the failure of either party to perform any of its material obligations under this Agreement, which failure is not remedied within five (5) business days after that party has received a written notice from the non-defaulting party of such failure; or

(ii)   any representation or warranty made by either party proves to be untrue in any material respect as of the date when made; or a substantial portion of Merchandise is destroyed, encumbered, seized, or confiscated by reason of Trustee's acts or omissions.

13.2   Upon the occurrence of an Event of Default, the non-breaching party will have the right to terminate the Sale and to enforce its legal and equitable rights and remedies under this Agreement and applicable law.

13.3   If any casualty or act of God prevents or substantially inhibits the conduct of business in the ordinary course at any Store(s), then the Store(s) and the remaining Merchandise located at the Store(s) shall be eliminated from the Sale and considered to be deleted from this Agreement as of the date of such event, and Agent and Trustee shall have no further rights or obligations hereunder with respect thereto; provided, however, that the proceeds of any insurance attributable to Merchandise or proceeds from business interruption insurance shall constitute proceeds of the Sale hereunder.

13.4   This Agreement will be binding upon and inure to the benefit of Trustee and Agent and their respective, successors and assigns. Neither party may assign its rights or obligations under this Agreement without the prior written consent of the other party.  Each of the constituent entities of Agent shall be jointly and severally obligated as the Agent hereunder.

14.   **MISCELLANEOUS**

14.1   Any notice or other communication under this Agreement shall be in writing and may be delivered personally, by e-mail or sent by facsimile or by prepaid registered or certified mail, addressed as follows:

(i) in the case of Agent:     Mark P. Naughton
Senior Vice President/General Counsel
Great American Group, LLC
Nine Parkway North, Suite 300
Deerfield, IL 60015
Phone: 847-444-1400
Fax:    847-444-1401
Email: mnaughton@greatamerican.com

With Copies To:     Scott Carpenter.
Great American Group, LLC
21860 Burbank Boulevard, Suite 300 South
Woodland Hills, California
Phone: 818.884.3737
Fax:    818.746.9170
Email: scarpenter@greatamerican.com

(ii) in the case of Trustee:     Steven P. Kartzman, Esq.
Chapter 7 Trustee for Arts des
Provinces de France, Inc.
c/o Mellinger, Sanders & Kartzman
101 Gibraltar Drive
Morris Plains, New Jersey 07950
Phone: 973-267-3300
Fax:    973-267-2402
Email: skartzman@msklaw.com

With Copies To:     Michael E. Holt, Esq.
Forman Holt Eliades & Ravin LLC
80 Route 4 East - Suite 290
Paramus, New Jersey 07652
Phone: 201.845.1000
Fax:    201.845.9112
Email: mholt@formanlaw.com

And

Gary N. Marks, Esq.
Norris, McLaughlin Marcus
721 Route 202-206
Somerville, NJ 08876
Phone: 908-722-0700
Fax:    908-722-0755
Email: gnmarks@nmmlaw.com

14.2    This Agreement shall be governed by and interpreted in accordance with the laws of the State of New Jersey, without reference to any conflict of laws provisions.  The parties hereto agree that the Bankruptcy Court shall retain jurisdiction to hear and finally determine any disputes arising from or under this Agreement, and by execution of this Agreement each party hereby irrevocably accepts and submits to the jurisdiction of such court with respect to any actions or proceeding and service of process by certified mail, return receipt requested to the address listed above for each party.

14.3    In the event any term or provision contained within this Agreement shall be deemed illegal or unenforceable, then such offending term or provision shall be considered deleted from this Agreement and the remaining terms shall continue to be in full force and effect.

14.4    This Agreement constitutes the entire agreement between the parties with respect of the subject matter hereof and supersedes all prior negotiations and understandings, and can only be modified by a writing signed by Trustee and Agent.

14.5    It shall be a condition to the effectiveness of this Agreement that the Bankruptcy Court shall have issued one or more order(s) approving this Agreement, the Sale notwithstanding any provisions in leases or occupancy agreements to the contrary and Trustee's retention of Agent as its consultant pursuant to Sections 327 and 328 of the Bankruptcy Code, authorizing the Sale of the Merchandise and FF&E free and clear of liens, claims and encumbrances, and authorizing the payment to the Agent of its fees and reimbursement of its expenses hereunder without further order of the Bankruptcy Order, which order shall be in form and substance satisfactory to Trustee and Agent.

14.6    This Agreement may be executed in several counterparts, each of which when so executed shall be deemed to be an original and such counterparts, together, shall constitute one and the same instrument. Delivery by facsimile of this Agreement or an executed counterpart hereof shall be deemed a good and valid execution and delivery hereof or thereof.

14.7    Nothing contained herein shall be deemed to create any relationship between Agent and Trustee other than that of an independent contractor. It is stipulated that the parties are not partners or joint venturers.

14.8    Additional Goods

(a)    Subject to authorization in the Approval Order and mutual agreement by both Agent and Merchant , Agent may (but shall not be required to), at Agent's sole cost and expense (but not as an Expense of the Sale) include in the Sale at the Stores additional merchandise procured by Agent of like kind and quality as is customarily sold in the Stores including rugs and furniture (the "Additional Goods"). Agent shall mark the Additional Goods using either a "dummy" SKU or department number or in such other manner so as to distinguish the sale of Additional Goods from the sale of Merchandise. Agent shall provide signage in the Stores notifying customers that the Additional Goods have been included in the Sale.

11

(b)    Merchant and Agent agree that the transactions relating to the Additional Goods, if any, are, and shall be construed as, a true consignment from Agent to Merchant in all respects. At all times and for all purposes, the Additional Goods and their proceeds shall be the exclusive property of Agent, and no other person or entity (including, without limitation, Merchant or any creditor thereof) shall have any claim against any of the Additional Goods or their proceeds, except to the extent set forth in this Section. The Additional Goods shall at all times remain subject to the exclusive control of Agent, and Agent shall, at Agent's sole cost and expense (and not as an Expense of the Sale), insure the Additional Goods.

(c)    As consideration for allowing the Agent to supplement the Merchandise with Additional Goods pursuant to the terms and conditions of this Section, Agent shall pay to Merchant not less than five percent (5%) of the gross proceeds of the sale of Additional Goods net of Sales Taxes subject to further agreement by the parties. In the event that the sale of Additional Goods by Agent is authorized and subject to agreement by both parties, Merchant and Agent shall reconcile the proceeds from the sale of Additional Goods as part of the weekly reconciliation process set forth in Section 12 hereof.

**[SIGNATURES ON NEXT PAGE]**

12

IN WITNESS WHEREOF, Trustee and Agent hereby execute this Agreement by their duly authorized representatives as of the day and year first written above.

A joint venture comprised of
GREAT AMERICAN GROUP, LLC and
LIQUITEC INDUSTRIES, INC.

By: _____
Name: Mark P. Naughton
Title: Senior Vice President/General Counsel

_____
Steven P. Kartzman, solely in his capacity as the Chapter 7 Trustee
Of Arts des Provinces de France, Inc.


**AGREED AND ACCEPTED**:



By:___
Name:_
Title:__

13

IN WITNESS WHEREOF, Trustee and Agent hereby execute this Agreement by their duly authorized representatives as of the day and year first written above.

A joint venture comprised of
GREAT AMERICAN GROUP, LLC and
LIQUITEC INDUSTRIES, INC.


By:___
Name: Brian Yellen
Title: Executive Vice President


Steven P. Kartzman, solely in his capacity as the Chapter 7 Trustee
Of Arts des Provinces de France, Inc.


**AGREED AND ACCEPTED**:

By: _____
Name: Steven P Kartzman
Title: Chapter 7 Trustee
8/9/11

13

**EXHIBIT 1**
**[STORE LOCATIONS]**

# Pierre Deux
## Store List
## Exhibit 1

| Str | Address | City | ST | Zip |
| --- | --- | --- | --- | --- |
| 14 | 92 Coulter Ave | Ardmore | PA | 19003 |
| 4 | 721 Miami Circle Suite 107-108 | Atlanta | GA | 30324 |
| 17 | 10305 Old Georgetown Rd | Bethesda | MD | 20814 |
| 2 | 111 Newbury St | Boston | MA | 02116 |
| 8 | Ocean Ave. & Monte Verde Rd | Carmel | CA | 93921 |
| 25 | 279 King St | Charleston | SC | 29401 |
| 28 | 660 N Wabash Ave | Chicago | IL | 60611 |
| 6 | 1525-A Hilline Drive Suite C | Dallas | TX | 75207 |
| 21 | 601 South Broadway – Suite W | Denver | CO | 80209 |
| 23 | 8065 Leesburg Pike | Vienna | VA | 22182 |
| 22 | 40 East Elm St | Greenwich | CT | 06830 |
| 29 | 4003 Westheimer Rd | Houston | TX | 77027 |
| 30 | 7643 Girard Ave, Suite C | La Jolla | CA | 92037 |
| 31 | 471 N Robertson Blvd | West Hollywood | CA | 90048 |
| 27 | 1677 Northern Blvd | Manhasset | NY | 11030 |
| 13 | 344 Millburn Ave | Millburn | NJ | 07041 |
| 20 | 979 Third Ave, Suite 134 | New York | NY | 10022 |
| 26 | 15 Hulfish St | Princeton | NJ | 08542 |
| 24 | 105 Broad St | Redbank | NJ | 07701 |
| 7 | 3228 Sacramento St | San Francisco | CA | 94115 |
| 75 | 40 Enterprise Ave | Secaucus | NJ | 07094 |
| 15 | 275 Post Road East | Westport | CT | 06880 |
| 5 | 996 Green Bay Rd | Winnetka | IL | 60093 |
| Corp/DC | 40 Enterprise Ave | Secaucus | NJ | 07094 |
| Corp/DC | 180 Seaview Ave | Secaucus | NJ | 07094 |

**EXHIBIT 1.1**

Pierre Deux
Arts Des Province De France, Inc.
Case No. 11-29111 DHS
Liquidation of Inventory
Financial Budget
Agent: Great American Group

| | | |
|---|---|---|
| Projected Retail Value of Inventory | 22,427 | Pct |
| Original Inventory @ Cost | 7,517 | Gross |

| | | |
|---|---|---|
| Gross Proceeds | 8,300 | |

| Expenses | | |
|---|---|---|
| Store Payroll | 404 | |
| Advertising | 332 | |
| Miscellaneous | 220 | |
| Supervision | 781 | |
| DC Related Expenses | 43 | |
| Actual Selling Expenses | 1,780 | 21.4% |
| Maximum Charged to Estate | 2,283 | 27.5% |
| Chargeable Selling Expenses (lower of actual or max chargeable) | 1,780 | |
| Occupancy | 512 | |
| Total Expenses | 2,292 | 27.6% |
| Net Proceeds before Commission | 6,008 | 72.4% |
| Agent Fee/Commission | 232 | |
| Net Proceeds before Revenue Share | 5,776 | |
| Revenue Share | | |
| Net Proceeds-Estate | 4,988 | 60.1% |
| Net Proceeds-Agent | 788 | |

| Commission Calculation | | |
|---|---|---|
| Net Proceeds in excess of $4.2 m | 1,808 | (5,776-4,200) |
| Excess as a percentage of Net Proceeds | 30.1% | (1,808/5,776) |
| Gross Proceeds Subject to Commission | 5,802 | (8,300*(1-30.1%)) |
| Commission 4% | 232 | (5,802*4%) |
| | | |
| Net Proceeds before Commission | | |
| Less Than | 3,900,000 | none |
| Less Than | 4,200,000 | 4% of Gross Proceeds |
| More than | 4,200,000 | No Additional Commission |

## EXHIBIT 3
## SALE GUIDELINES

The following procedures shall apply to going out of business, store closing, bankruptcy liquidation or similar themed sale (collectively, the "Sale") to be held at the Stores:[1]

1.   The Sale shall be conducted so that the Stores are to remain open no longer than the normal hours of operation provided for in the respective leases for the Stores.

2.   The Sale shall be conducted in accordance with applicable state and local "Blue Laws," and thus, where applicable, no Sale shall be conducted on Sunday unless the Merchant had been operating such Stores on a Sunday.

3.   All display and hanging signs used by the Trustee and the Agent in connection with Sales shall be professionally produced and all hanging signs shall be hung in a professional manner. The Trustee and the Agent may advertise the Sale as a "store closing", "going out of business", "bankruptcy liquidation" or similar theme sale at the Stores as provided by the Agency Agreement. The Trustee and the Agent shall not use neon or day-glo signs. Furthermore, with respect to enclosed mall locations no exterior signs or signs in common areas of a mall shall be used. Nothing contained herein shall be construed to create or impose upon the Trustee and the Agent any additional restrictions not contained in the applicable lease. In addition, the Trustee and the Agent shall be permitted to utilize exterior banners at non-enclosed mall stores; provided, however, that such banners shall be located or hung so as to make clear that the Sale is being conducted only at the affected Store and shall not be wider than the storefront of the Store. In addition, the Trustee and the Agent shall be permitted to utilize sign walkers and customary street signage.

4.   Conspicuous signs shall be posted in the cash register areas of each affected Store to the effect that all sales are "final" and that customers with any questions or complaints subsequent to the conclusion of the Sales may contact a named representative of the Agent at a specified telephone number.

5.   The Agent shall not distribute handbills, leaflets or other written materials to customers outside of any of the Stores, unless permitted by the applicable lease or, if distribution is customary in the shopping center in which the Store is located. Otherwise, the Agent may solicit customers in the Stores themselves. The Agent shall not use any flashing lights or amplified sound to advertise the Sale or solicit customers, except as permitted under the applicable lease or agreed to by the landlord.

6.   At the conclusion of the Sale, the Agent shall vacate the Stores in "broom-clean" condition, and shall otherwise leave the Stores in the same condition as on the commencement of the Sale, ordinary wear and tear excepted; provided however that the

---

[1] Capitalized terms used but not defined shall have the meanings ascribed to such terms in the Agency Agreement For Liquidation Of Assets.

Trustee and/or the Agent shall be authorized to leave any Abandoned Property (as that term is defined herein) in the Stores; provided, further, that the Trustee hereby does not undertake any greater obligation than as set forth in an applicable lease with respect to a Store. The Trustee may abandon any FF&E or other materials (the "Abandoned Property") not sold in the Sales at the Store premises at the conclusion of the Sale. Any Abandoned Property left in a Store after a lease is rejected shall be deemed abandoned with the landlord having the right to dispose of the same as the landlord chooses without any liability whatsoever on the part of the landlord and without waiver of any damage claims in the Bankruptcy Case.

7.      The Trustee and/or the Agent may sell FF&E owned by the Merchant and located in the Stores during the term of the Sale. The Trustee or the Agent, as the case may be, may advertise the sale of FF&E. Additionally, the purchasers of any FF&E sold during the Sale shall only be permitted to remove the FF&E either through the back shipping areas or through other areas after store business hours.

8.      Landlords will be provided with the name and telephone number of a representative of the Trustee and the Agent to notify of any problem arising during the Sale.

9.      The Agent shall not make any alterations to interior or exterior Store lighting. No property of any landlord of a Store shall be removed or sold during the Sales. The hanging of exterior banners or other signage shall not constitute an alteration to a Store.

10.     At the conclusion of the Sale at each Store, pending assumption or rejection of applicable leases, the landlords of the Stores shall have reasonable access to the Store premises as set forth in the applicable leases. The Trustee, the Agent and their agents and representatives shall continue to have exclusive and unfettered access to the Stores.

11.     Post-petition rents during the term of the Sale at the Stores shall be paid and other lease obligations shall be performed by the Trustee as required by the Bankruptcy Code, except as modified pursuant to the Store Closing Order, until the rejection or assumption and assignment of each lease.

12.     The rights of the landlords for any damages to the Stores shall be reserved in accordance with the applicable leases.

13.     The Trustee shall notify a representative of the relevant landlord of the date on which the Sale is scheduled to conclude at a given Store, within four business days of the Trustee's receipt of such notice from the Agent.

14.     The Trustee and/or the Agent may conduct one or more auctions of FF&E from the Stores and Corporate Office/Distribution Center, provided, however, that Agent shall not sell Merchant's financial books and records, including but not limited to the personal computers, servers and hard drives used in the ordinary course of Merchant's business. Agent shall ship the hard drives from all personal computers used at the Stores to the Trustee at the Trustee's sole cost and expense.